### CHAS. H. FATOR v. THE STATE

No. 582.    Decided May 11, 1910.

Rehearing Denied, June 8, 1910.

**Aggravated Assault—Bill of Exceptions—Practice on Appeal.**

Where, upon appeal from a conviction of aggravated assault, the bills of exception were not officially approved and authenticated by the trial judge, the same could not be considered. Following Tubb v. State, 55 Texas Crim. Rep., 606.

Appeal from the County Court of Bexar. Tried below before the Honorable P. H. Shook.

Appeal from a conviction of aggravated assault; penalty, a fine of $50. The opinion states the case.

*B. P. Lane,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant suffered a conviction in the County

Court of Bexar County on a charge of aggravated assault, and his punishment was assessed at a fine of $50.

The assault is charged to have been committed upon one George A. Yantis, a child. Appellant requested a number of special instructions, all of which were given by the trial court. Some of these instructions are quite favorable to him, but, of course, he can not complain of this.

There are a number of memoranda in the record which are sought to be treated as bills of exception, and are in that form. These are not approved by the court. Affixed to them we find the following:
"O. K.

"T. J. N.

"P. H. S."

Before bills of exception can be considered they must be approved and authenticated by the trial judge officially. Tubb v. State, 55 Texas Crim. Rep., 606. Since we can not consider these bills of exception, there is no other matter appearing in the record which would authorize a reversal of the case. The evidence is somewhat conflicting, but is amply sufficient to sustain the verdict.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

[Rehearing denied June 8, 1910.—Reporter.]